UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:05-CR-001-001 |
| V. ) | (PHILLIPS/GUYTON) |
| ) | |
| ) | |
| DWIGHT GEORGE WILLIAMS ) | |

MEMORANDUM AND ORDER

The defendant appeared for a revocation hearing on August 3, 2005, on a Petition for Action on Conditions of Pretrial Release. Steven Cook, Assistant United States Attorney, was present representing the government and Jonathan Cooper was present representing the defendant.

The defendant was placed on a $10,000.00 Appearance Bond with Order Setting Conditions of Release on January 18, 2005. Condition's of defendant's release included that he not commit another federal, state, or local crime while on bond in federal court, that he report to Pretrial Services as directed, maintain or actively seek employment, obtain no passport, refrain from possessing a firearm, refrain from the use of any narcotic drugs or controlled substances, submit to testing for drugs, and participate in a program of inpatient or outpatient substance abuse therapy and counseling as directed by Pretrial Services.

A petition for action on conditions of pretrial release has been filed by defendant's pretrial services officer on August 1, 2005, stating the following violations: that

on July 12, 2005, the defendant tested positive for cocaine. In addition, the lab confirmed the specimen has been diluted. During the week of July 17, 2005, the defendant failed to report for another drug test. On this basis, the government moved for detention and revocation of the Order Setting Conditions of Release.

At the 18 U.S.C. § 3148 hearing on August 2, 2005, Jonathan Moffatt stated that the defendant admitted he has revoked his pretrial release. Mr. Moffatt requested that the defendant be allowed to stay on bond because he has a job that he has held since October and is making approximately $11.00 an hour. The Company that he works for stated that he could have his job back after he has served his sentence. He also stated that the defendant needs to get his financial matters in order before he goes to prison. Mr. Moffatt stated that the defendant has always kept in contact with him and that he did self-report when he found out that a warrant had been issued for his arrest.

Mr. Williams made a statement to the Court stating he has made a mistake and he realized his mistake after sitting in jail since his arrest. He does have financial responsibilities and would appreciate being allowed to continue to work until his sentencing hearing.

The government stated that pursuant to the defendant agreeing that he has revoked his pretrial release, the defendant should be held pending his sentencing hearing. On rebuttal, Mr. Cook stated that the defendant has furnished guns to gang members on several occasions and lied to law enforcement officials. He has lied to pretrial and has violated his release.

This Court finds that pursuant to 18 U.S.C. § 3148, the defendant has admitted there is probable cause to believe that the defendant committed a Federal, State, or Local crime while on release and that he violated other conditions of his release and the Court so finds. The Court also finds that there no conditions or combination of conditions of release will assure that the defendant will not pose a danger to the safety of another person and that the defendant is unlikely to abide by any conditions or combination of conditions of release for the reasons stated in this Court's oral opinion including defendant's changes, and guilty plea to charges, of lying to obtain firearms, lying to Alcohol Tobacco Firearms agents, using cocaine while on release, lying about the same and cheating on the drug test. Defendant's propensity to continue to violate, cover-up and lie coupled with his history of involvement with drugs and guns make him a substantial risk of danger to the safety of the community and given his recent violation, it is unlikely he will abide by any other conditions of release. Therefore, the order setting conditions of release is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending his sentencing on **October 31, 2005**, at **9:00 a.m.,** before the **Honorable Thomas W. Phillips**, United States District Judge. His appearance bond is hereby **CANCELLED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge